Case 4:25-cv-00001-DC   Document 1   Filed 01/06/25   Page 1 of 16

**FILED**
January 06, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: ____Aida Baeza____
DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**PECOS DIVISION**

P-25-cv-00001

JASON ANDERSON,

LACEY ANDERSON,

Plaintiffs,

v. Case No.

MAVERICK BANK,

ARVEL ROD PONTON III,

BIG BEND LAW PLLC,

BOERNER, DENNIS & FRANKLIN, PLLC,

JEFF R. LASHAWAY,

MICHAEL EISENWINE,

THE STATE OF TEXAS,

Defendants.

**COMPLAINT FOR WRONGFUL FORECLOSURE, VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, BREACH OF CONTRACT, FRAUD, AND VIOLATIONS OF CONSUMER PROTECTION LAWS**

Plaintiffs, Jason Anderson, and Lacey Anderson, pro se, hereby file this Complaint against Defendants, Maverick Bank, Arvel Rod Ponton III, Big Bend Law, PLLC, Boerner, Dennis & Franklin, PLLC, Jeff R. Lashaway, Michael Eisenwine, and The State of Texas, and allege as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343, in that Plaintiffs' claims arise under the laws of the United States, including but not limited to 42 U.S.C. § 1983, 18 U.S.C. 242, the **Truth in Lending Act (TILA)**, 15 U.S.C. §§ 1601 et seq., and the **Real Estate Settlement Procedures Act (RESPA)**, 12 U.S.C. §§ 2601 et seq., and violations of the Fourth and Fourteenth Amendments to the U.S. Constitution.

2. Additionally, pursuant to **Article III, Section 2 of the United States Constitution**, this Court has jurisdiction over this matter as it involves federal questions, including constitutional issues related to the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, as well as violations of federal statutes such as TILA and RESPA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants are located in and conduct business in Texas, and the wrongful actions giving rise to this Complaint occurred in the State of Texas.

## II. PARTIES

4. **Plaintiffs, Jason Anderson**, and **Lacey Anderson** are natural person and a resident of Alpine, Texas. Plaintiffs are the rightful and legal owners of the real property located at 605 N. 3rd Street, which is the subject of the foreclosure in question. The property is Plaintiff's homestead under the property located at 601 N. 3rd Street and considered an impovement to the homestead and constitutes the primary residence of Plaintiff.

5. **Plaintiff, Jason Anderson**, is a natural person and a resident of Alpine, Texas. Jason Anderson is also a resident and co-owner of the real property located at 605 N. 3rd Street, which is the subject of the foreclosure in question. Jason Anderson has standing to assert claims regarding the wrongful foreclosure of the property.

6. **Plaintiff, Lacey Anderson**, is a natural person and a resident of Alpine, Texas. Lacey Anderson is also a resident and co-owner of the real property located at 605 N. 3rd Street, which is the subject of the foreclosure in question. Lacey Anderson has standing to assert claims regarding the wrongful foreclosure of the property.

7. **Defendant, Maverick Bank**, is a financial institution conducting business at 1102 E Holland Avenue in Alpine, Texas. Maverick Bank is the alleged servicer and claimant of the mortgage loan secured against Plaintiffs' property, which is the subject of the wrongful foreclosure and all other actions described herein.

8. **Defendant, Arvel Rod Ponton III**, located at 2301 N State Highway 118, Alpine, Texas, is an attorney licensed to practice law in Texas and is associated with **Big Bend Law PLLC**. Ponton is alleged to have participated in or had knowledge of the wrongful foreclosure proceedings and the other actions described initiated by Maverick Bank, and his actions and/or failure to act contribute to Plaintiffs' legal harm.

9. **Defendant, Big Bend Law PLLC**, is a law firm operating at 2301 N State Highway 118, Alpine, Texas. This firm, under the direction of Rod Arvel Ponton III, represents Maverick Bank and/or its agents in the foreclosure actions at issue in this Complaint.

10. **Defendant, Boerner, Dennis & Franklin, PLLC**, is a law firm operating at 920 Ave Q, in Lubbock Texas that has been involved in representing Maverick Bank and other defendants in the wrongful

foreclosure actions, unlawful debt collection practices, fraud, theft, mortgage fraud and breech of contract that are the subject of this Complaint.

11. **Defendant, Jeff R. Lashaway**, is an attorney associated with **Boerner, Dennis & Franklin, PLLC** and located at 920 Ave Q, Lubbock, Texas. Lashaway is alleged to have participated in or had knowledge of the wrongful foreclosure proceedings initiated by Maverick Bank and contributed to the improper actions taken against the Plaintiffs.

12. **Defendant, Michael Eisenwine**, is the **SVP/Big Bend Regional President** of **Maverick Bank** located at 100 S State St, Fort Davis, Texas. Eisenwine is alleged to have played a role in the wrongful foreclosure actions, including overseeing or authorizing the actions taken by Maverick Bank that led to the improper foreclosure proceedings and all other actions against Plaintiffs.

13. Defendant, The State of Texas, is a governmental entity located at Office of the Attorney General 300 W. 15th Street, Austin, TX 78701 that has been involved in or failed to prevent actions that violate Plaintiffs' constitutional rights, particularly in relation to the enforcement of the non-judicial foreclosure under Texas state law. Plaintiffs allege that the State of Texas has failed to intervene to protect the rights of citizens like Plaintiffs from the actions of private parties in the foreclosure process.

## III. FACTUAL ALLEGATIONS

14. Plaintiffs entered into two mortgage loan agreements with Maverick Bank for the purchase of the property located at 502 Tom Lackey Lane and for the purpose of paying off another loan. At all times relevant, Plaintiffs made good faith efforts to fulfill the obligations under the loan agreement. As shown in exhibit(s) B, B-1.

15. On 02/03/2022, Maverick Bank accepted and put on a hold, check #36579 for the amout of $8,924.12 from Paloma Blanca Enterprises Inc. for work completed, then on 02/07/2022 check #36579

cleared the hold and was fully deposited into Plaintiffs' Lazy J Automotive LLC business account. On 02/11/2022 after Plaintiffs had paid on other accounts with vendors, Maverick Bank committed theft via Stop Payment request by Paloma Blanca Enterprises and returned all of the full deposit spent or otherwise. As shown in exhibit(s) A-1, A-3, A-4.

16. On 02/08/2022, Maverick Bank accepted and put on a hold, check #36581 for the amount of $6,822.18 from Paloma Blanca Enterprises Inc. for work completed, then on 02/10/2022 check #36581 cleared the hold and was fully deposited into Plaintiffs' Lazy J Automotive LLC business account. On 02/14/2022 after Plaintiffs had paid on other accounts with vendors, Maverick Bank committed theft via Stop Payment request by Paloma Blanca Enterprises and returned all of the full deposit spent or otherwise. As shown in exhibit(s) A, A-2, A-4.

17. On 02/14/2022, Maverick Bank issued an overdraft ending balance receipt stating that the Plaintiffs' account was -$4,877.86 after fees and charges. As shown in exhibit(s) A-4.

18. To remedy the immediate damage caused by Maverick Bank Plaintiffs' had to obtain personal loans by any means necessary including family and friends. On 02/14/2022 or in the following few days, Plainitffs' contacted Maverick Bank in an attempt to remedy the situation only to be told that the bank did everything in accordance with the law and to get lawyer if not satisfied with that answer.

19. By 05/27/2022, Plaintiffs' could no longer afford to make payments on their new vehicle, which they had no problem fulfilling before the theft and now were forced to sell. By 06/02/2022 they sold the vehicle in an effort to continue to make timely good faith full payments on their loans with the bank. As shown in exhibit(s) A-7, A-12.

20. On 02/17/2022, Plaintiffs' business credit account with American Express went into default with a balance of $6,426.59 owed, this was caused by the theft of the check #36579 and check #36581. As shown in exhibit(s) A-8.

21. During the following two years, Plaintiffs' have made good faith efforts to obtain legal council and filed complaints with the Texas Department Of Banking and the FDIC. The texas Department of Banking replied via email, stating that the statute of limitations had expired but did not explain what statute(s) had been violated or why the statute of limitations had passed. As shown in exhibit(s) A-5.

22. On 03/04/2024 sent a response to the Complaint filed with the FDIC. Maverick Bank states incorrectly that one of the checks was deposited into the business account on 02/07/2022 and that they completed a thorough review and then refered Plaintiffs' to contact the payee to resolve the issue. As shown in exhibit(s) A-6.

23. On 05/26/2024, Plaintiffs' business Judy's Bread & Breakfast along with 5 other business were burnt to the ground in a buliding fire. Plaintiffs then notified Maverick Bank of the situation and put a stop to all transactions associated with Judy's Bread & Breakfast business account. This stop was was done online and then over the phone per Maverick Bank instructions to insure that the account would be paused. Shortly thereafter Maverick Bank allowed all vendors assiociated with that account perform automatic withdrawls which left the account in the negative and were not willing to remedy the situation with the Plaintiffs. As shown in exhibit(s) A-9, A-10, A-11.

24. On 07/31/2024, Maverick Bank's counsel sent NOTICE OF INTENT TO ACCELERATE for both of the alleged loans. In the notice for the property thats currently in foreclosure, it is stated that payments need to be made to AimBank, this would be in direct conflict with Maverick Bank stating that it still holds the note and is the servicer of the alleged loan. As shown in exhibit(s) B, B-1.

25. On 08/26/2024, Plaintiffs submitted **Creditor Disclosure Statements** to Maverick Bank and retained legal counsel, requesting specific documentation and clarification regarding the underlying debt, in accordance with **TILA**, 15 U.S.C. § 1605 and the **Fair Debt Collection Practices Act**. Despite this, Defendant Maverick Bank failed to respond to the disclosure statement Timely and did not send a

completed response to Plaintiffs, effectively ignoring Plaintiffs' right to proper verification and validation of the debt. As shown in exhibit(s) B-4, B-5, B-8, B-9.

26. On 08/26/2024, Plaintiffs submitted a **Formal Dispute of Debt** and **Debt Verification Requests,** requesting specific documentation and clarification regarding the underlying debt to Maverick Bank and retained legal counsel. In response, Defendant Maverick Bank failed to respond Timely and provided partial and insufficient documentation, in violation of **RESPA**, 12 U.S.C. § 2605, and the **Fair Debt Collection Practices Act**. As shown in exhibit(s) B-2, B-3, B-8, B-9.

27. On 08/26/2024, Plaintiffs' submitted Requests for Allonge on both of the alleged loans pursuant to full disclosure, the **Fair Debt Collection Practices Act, UCC § 3-202, UCC § 3-204, UCC § 3-207**. As shown in exhibit(s) B-6, B-7.

28. On 08/26/2024, Plaintiffs' made a deposit at Maverick Bank into Lazy J Services LLC business account in the amount of $8,650.00. On 08/28/2024 Maverick Bank embezzeled $2,983.05 directly from the business account to pay for the alleged loans. As shown in exhibit(s) A-13, A-14.

29. On 10/09/2024, Maverick Bank's counsel sent incomplete, inaccurate and not pursuant to the law Verification of Debt responses. As shown in exhibit(s) B-8, B-9.

30. On 10/23/2024, Maverick Bank's counsel sent NOTICE OF INTENT TO ACCELERATE for both of the alleged loans. As shown in exhibit(s) B-10, B-11.

31. On 12/10/2024, Plaintiffs sent a formal **Demand Letter** to Maverick Bank and retained counsel, requesting that they resolve the discrepancies surrounding the mortgage and foreclosure proceedings and pay Damages. Instead of addressing these concerns, Maverick Bank, through its attorneys, including Arvel Rod Ponton III, Big Bend Law PLLC, Boerner, Dennis & Franklin, PLLC, Jeff R. Lashaway, and Michael Eisenwine, initiated a non-judicial foreclosure sale of Plaintiffs' homesteaded property on 12/13/2024. As shown in exhibit(s) B-12, B-13.

32. On 12/16/2024, Maverick Bank's counsel sent a notice of acceleration and foreclosure sale for the property located at 605 N. 3rd Street. As shown in exhibit(s) B-13.

33. Defendants' actions, including the failure to respond Timely and adequately to Plaintiffs' requests and the initiation of a non-judicial foreclosure sale, have violated Plaintiffs' rights to due process, specifically the right to a meaningful opportunity to resolve the debt dispute before such an extreme remedy is pursued. These actions are in violation of but not limited to the following, **Texas Deceptive Trade Practices Act (DTPA), Texas Business and Commerce Code, the Truth in Lending Act (TILA), the Fair Credit Reporting Act (FCRA), the Bank Secrecy Act (BSA), Section 1024.14 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 18 U.S.C. § 1344, 12 U.S.C. § 1786, 12 U.S.C. § 2605 Regulation X, 31 U.S.C. § 5313, Uniform Trust Code (UTC), Uniform Prudent Investor Act (UPIA), Restatement of Contracts, UCC) Section 1-304, Federal Trade Commission (FTC) Regulations, Truth in Lending Act (TILA ), 18 U.S.C. § 656, section 25 of the Federal Reserve Act, 15 U.S.C. 1611, 12 U.S.C. 5511, 15 U.S.C. 41, 15 U.S.C. 1692, 15 U.S.C. 1, Texas Business and Commerce Code § 4.303, U.S.C. § 4-402, U.S.C. § 4-403, Texas Civil Practice and Remedies Code, Texas Property Code, Texas Constitution, and Texas Tax Code.** Defendant Maverick Bank's failure to provide required disclosures, misleading conduct regarding account balances, and unauthorized actions with respect to Plaintiffs' funds have subjected Plaintiffs to unfair business practices that undermine protections meant to safeguard consumers and businesses in Texas and under federal law. As shown in exhibit(s) A through A-14 and B through B-14.

34. Furthermore, Defendant Maverick Bank, and its attorneys, including Arvel Rod Ponton III, Big Bend Law PLLC, Boerner, Dennis & Franklin, PLLC, Jeff R. Lashaway, and Michael Eisenwine, failed to engage in good faith negotiations and violated Plaintiffs' constitutional rights, including but not limited to the Fourth and Fourteenth Amendments, which protect against unreasonable seizures and

deprivation of property without due process of law. As shown in exhibit(s) A through A-14 and B through B-14.

35. At all times relevant, Defendant Maverick Bank and its attorneys have acted with reckless disregard for Plaintiffs' legal rights. As shown in exhibit(s) A through A-14 and B through B-14.

## IV. CLAIMS FOR RELIEF

**Count I: Violation of 42 U.S.C. § 1983 (Deprivation Of Constitutional Rights**

36. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 35.

37. Defendants, acting under color of state law and pursuant to state statutory provisions governing foreclosure, deprived Plaintiffs of their right to due process and protection against unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the U.S. Constitution.

38. The Defendant's failure to properly respond to Plaintiffs' Debt Verification Request and Creditor Disclosure Statement, combined with their refusal to engage in any meaningful discussion regarding the mortgage dispute, constitute a violation of Plaintiffs' constitutional rights to due process.

39. As a direct and proximate result of the violations and unlawful action outlined above, Plaintiffs have suffered substantial financial harm, including but not limited to the loss of business income, damage to their credit rating, the imminent loss of their homestead and incurrence of additional costs to mitigate the effects of Defendant Maverick Bank's failures. Additionally, Defendant's conduct has caused significant emotional distress, leading to physical injury. The damage to Plaintiffs' reputation has further compounded these issues, making it increasingly difficult to maintain professional relationships and secure new business opportunities.

**Count II: Violation of 18 U.S.C. 242 (Deprivation Of Rights Under Color Of Law)**

40. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 35.

41. Defendants, acting under color of state law and pursuant to state statutory provisions governing foreclosure, deprived Plaintiffs of their right to due process and protection against unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the U.S. Constitution.

42. The Defendant's failure to properly respond to Plaintiffs' Debt Verification Request and Creditor Disclosure Statement, combined with their refusal to engage in any meaningful discussion regarding the mortgage dispute, constitute a violation of Plaintiffs' constitutional rights to due process.

43. As a direct and proximate result of the violations and unlawful action outlined above, Plaintiffs have suffered substantial financial harm, including but not limited to the loss of business income, damage to their credit rating, the imminent loss of their homestead and incurrence of additional costs to mitigate the effects of Defendant Maverick Bank's failures. Additionally, Defendant's conduct has caused significant emotional distress, leading to physical injury. The damage to Plaintiffs' reputation has further compounded these issues, making it increasingly difficult to maintain professional relationships and secure new business opportunities.

**Count III: Wrongful Foreclosure**

44. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 35.

45. The foreclosure action initiated by Maverick Bank, through its agents and attorneys, constitutes a wrongful foreclosure in violation of Texas law, as it was conducted without due process, transparency, or proper verification of the debt in question.

46. The failure of Maverick Bank and its attorneys, including Arvel Rod Ponton III, Big Bend Law PLLC, Boerner, Dennis & Franklin, PLLC, Jeff R. Lashaway, and Michael Eisenwine, to respond to Plaintiffs' disclosure requests and their unilateral decision to proceed with a non-judicial foreclosure sale violated Texas Property Code provisions and Plaintiffs' rights under both state and federal law.

47. Plaintiffs seek an injunction to prevent the foreclosure sale from proceeding and to ensure that all due process requirements are met before such an extreme action can be taken.

**Count IV: Violations of the Fair Debt Collection Practices Act (FDCPA)**

48. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

49. In **Heintz v. Jenkins,** 514 U.S. 291 (1995), the U.S. Supreme Court held that attorneys engaged in debt collection activities are subject to the FDCPA. The actions taken by the Defendants in this case fall squarely within this category.

50. Defendants, acting as debt collectors, violated the FDCPA by engaging in abusive, deceptive, and unfair practices in the collection of the mortgage debt from Plaintiffs.

51. Specifically, Defendants falsely represented the amount of the debt, used misleading or deceptive practices in attempting to collect the debt, and failed to validate the debt as required under the FDCPA.

52. As a result of these violations, Plaintiffs have suffered emotional distress, economic loss, and damage to their credit.

53. Plaintiffs are entitled to statutory damages, actual damages, and reasonable attorneys' fees under the FDCPA.

**Count V: Breach of Contract**

54. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

55. In **D.R. Horton-Texas, Ltd. v. Markel International Insurance Company, Ltd.**, 300 S.W.3d 741 (Tex. App. 2009), the Court held that a party to a contract may be liable for damages when it fails to perform its contractual obligations.

56. The mortgage agreements between Plaintiffs and Maverick Bank constitute valid and enforceable contracts.

57. Defendants breached the terms of these contracts by failing to properly apply payments, improperly charging unauthorized fees, and wrongfully initiating foreclosure proceedings.

58. Plaintiffs have been damaged as a result of Defendants' breach and are entitled to damages for the breach of contract, including the loss of their property and the financial harm caused by the wrongful actions of Defendants.

**Count VI: Fraud**

59. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

60. In **Formosa Plastics Corp. v. Presidio Engineers & Contractors, Inc.**, 960 S.W.2d 41 (Tex. 1998), the Texas Supreme Court ruled that fraudulent misrepresentation is actionable when the elements of misrepresentation, knowledge of falsity, intent to induce action, reliance, and damages are met, all of which are evident in this case.

61. Defendants, specifically Maverick Bank, engaged in fraudulent conduct by misrepresenting the terms of the mortgage loan, making false statements regarding the status of the debt, and concealing material facts regarding the debt and foreclosure proceedings.

62. Plaintiffs relied on these fraudulent representations to their detriment, including continuing to make payments under the false belief that the mortgage loan was valid and properly serviced.

63. Plaintiffs are entitled to damages for the fraud, including the actual loss sustained as a result of the fraudulent conduct and the mental anguish caused by Defendants' actions.

**Count VII: Violations of Consumer Protection Laws**

64. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

65. **CitiMortgage, Inc. v. Lewis,** 402 S.W.3d 1 (Tex. App. 2013), supports the Plaintiff's claims that wrongful foreclosure actions can also constitute violations of consumer protection laws.

66. Defendants violated various state and federal consumer protection laws, including but not limited to the Texas Deceptive Trade Practices Act (DTPA), by engaging in deceptive, unfair, and unconscionable practices in the servicing and collection of Plaintiffs' mortgage loan.

Defendants' actions have caused Plaintiffs significant economic harm, including the wrongful foreclosure of their property and the loss of their home.

67. Plaintiffs are entitled to damages under these consumer protection laws, including but not limited to actual damages, statutory damages, and attorneys' fees.

**Count 6: Constitutional Violations (4th and 14th Amendments)**

68. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 35 of this Complaint as though fully set forth herein.

69. Defendants have violated Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, including the right to be free from unreasonable searches and seizures and the right to due process.

70. Specifically, Defendants' wrongful foreclosure of Plaintiffs' property without proper notice and opportunity to be heard violates Plaintiffs' due process rights.

71. Plaintiffs are entitled to relief for these constitutional violations, including but not limited to an injunction to prevent further actions by Defendants and monetary damages.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Issue an immediate **Temporary Restraining Order (TRO)** preventing Maverick Bank, Arvel Rod Ponton III, Big Bend Law PLLC, Boerner, Dennis & Franklin, PLLC, Jeff R. Lashaway, Michael Eisenwine, and The State of Texas from proceeding with the non-judicial foreclosure sale of Plaintiffs' homestead until such time as this Court can conduct a hearing on the merits of Plaintiffs' claims;

B. Monetary Compensation: Plaintiffs demand compensation for the financial losses incurred as a result of Defendant's actions, including but not limited to direct losses from the misuse of funds, interest and penalties, and any other related damages. Specifically, Plaintiffs seek One Hundred Million Dollars ($100,000,000.00) in compensation for the harm caused by Defendant's failures.

C. Account Correction: Plaintiffs request that their business accounts be immediately corrected, with any improper charges or fraudulent transactions reversed and all discrepancies rectified. Additionally, Plaintiffs demand that Defendant provide a full account statement and audit to ensure that no further discrepancies exist.

D. Formal Apology: Plaintiffs request a formal written apology from Maverick Bank, acknowledging the harm caused by its actions and the failure of its institution to fulfill its legal and contractual obligations.

E. As part of its lawful obligations, Defendant Maverick Bank is required to fully cooperate with investigations into criminal activities and report illegal banking activities to the relevant authorities, including the FBI, FinCEN, and the Consumer Financial Protection Bureau (CFPB).

F. Issue a preliminary injunction barring the Defendants from continuing the foreclosure process until the case is resolved;

G. Order the Defendants to cease all actions related to the wrongful foreclosure and provide proper debt verification documentation in compliance with **TILA** and **RESPA**;

H. Award Plaintiffs compensatory and punitive damages for the violations of their constitutional rights under 42 U.S.C. § 1983 and wrongful foreclosure claims;

I. Award Plaintiffs reasonable attorney's fees and costs incurred in bringing this action; and

J. Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,


Jason Anderson

Lacey Anderson

601 N. 3rd Street, Alpine, Texas 79830


Date: 1/5/25

all Rights Reserved