IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JASON ANDERSON and LACEY ANDERSON, § § | | |
| *Plaintiffs*, | § § | |
| v. | § | PE-25-CV-00001-DC-DF |
| | § § | |
| MAVERICK BANK, et al., | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

Before the Court is Defendant State of Texas's ("State of Texas" or "State") Motion to Dismiss. (Doc. 18). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** the Motion be **GRANTED.** (Doc. 18).

### BACKGROUND

This action arises from the alleged wrongful business practices of Defendant Maverick Bank that, to the Court's understanding, ultimately led to the non-judicial foreclosure of *pro se* Plaintiffs Jason and Lacey Andersons' ("the Andersons") home in Alpine, Texas. (Doc. 1). The Andersons brought this suit on January 6, 2025, against Maverick Bank and its President, Defendant Michael Eisenwine, and Maverick Bank's attorneys—Defendants Arvel "Rod" Ponton, III; Big Bend Law, PLLC; Boerner, Dennis & Franklin, PLLC; and Jeff R. Lashaway (collectively, "the Maverick Defendants")—as

well as the State of Texas. *Id.* at 1, 3–4. At issue here are the Andersons' claims against the State of Texas.

The Andersons' allegations and claims against the State of Texas are unclear. Beyond listing the State as a party to the case, the Andersons do not direct any claim specifically towards it. *Id.* at 4. And the only allegations purported are that the State of Texas was "involved in or failed to prevent actions that violate [the Andersons'] constitutional rights" and "[failed] to intervene to protect the rights of citizens like Plaintiffs from the actions of private parties in the foreclosure process." *Id.* at 4. Accordingly, on March 3, 2025, the State of Texas moved to dismiss the Andersons' claims for lack of subject matter jurisdiction and failure to state a claim. (Doc. 18). Around the same time, the Maverick Defendants also moved to dismiss. (Doc. 14).

The Andersons failed to timely respond to both Motions. The Court therefore ordered the Andersons to respond to the Motions on or before April 8, 2025. (Docs. 21, 22). The Andersons filed only one response, and this response did not mention the State of Texas. (Doc. 25). The State of Texas filed a Reply on April 10, 2025. (Doc. 26). Before the Court ruled on either Motion to Dismiss, the Andersons reached a settlement agreement with the Maverick Defendants. (Docs. 28, 29). As a result, the Complaint as to the Maverick Defendants was dismissed with prejudice on May 14, 2025. (Doc. 30). The State of Texas is the only remaining Defendant.

**LEGAL STANDARDS**

I. **Rule 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). A case is properly dismissed under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When ruling on a 12(b)(1) motion, a court may evaluate: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

A case cannot proceed without subject matter jurisdiction. As a result, when a Rule 12(b)(1) motion is filed with other Rule 12(b) motions, the court should consider the Rule 12(b)(1) jurisdictional attack before considering any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1980) (per curiam)). Subject matter jurisdiction requires standing, and thus standing is properly challenged in a Rule 12(b)(1) motion. *Lowery v. Mills*, 690 F. Supp. 3d 692, 698 (W.D. Tex. 2023) (citing *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989)). The party asserting jurisdiction bears the burden to prove jurisdiction exists. *Ramming*, 281 F.3d at 161.

## II.     Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate if a complaint offers merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, 572 U.S. 1087 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When reviewing a 12(b)(6) motion, the court accepts all facts as true and construes facts in a light most favorable to plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Review is limited to the complaint and matters properly subject to judicial notice. *Lowery*, 690 F. Supp. 3d at 698 (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).

## DISCUSSION

At the threshold, the Motion to Dismiss should be granted because the Andersons failed to respond. When a party fails to respond to a motion, "the [C]ourt may grant the motion as unopposed." W.D. Tex. Civ. R. 7(d)(2); *Martinez v. S. San Indep. Sch. Dist.*, No. SA-24-CV-01381, 2025 WL 350251, at *1 (W.D. Tex. Jan. 29, 2025).  On March 25, 2025, the Court issued two separate "Order[s] to File a Response," ordering

the Andersons to respond to the Maverick Defendants' Motion to Dismiss (Doc. 21) and the State of Texas's Motion to Dismiss (Doc. 22). The Andersons filed one Response. (Doc. 25). The Response makes no mention of the State of Texas nor addresses any of the State's arguments for dismissal. *Id.* Rather, the Response focuses on the Maverick Defendants' claims in their now moot Motion to Dismiss. *Id.*; (Doc. 14). As a result, the Court finds the State of Texas's Motion to Dismiss unopposed and thus **RECOMMENDS** the Court **GRANT** the Motion. (Doc. 18).

Even so, the Court recognizes the Andersons are proceeding *pro se*, and therefore the Court considers the Motion to Dismiss on the merits. *Morris v. City of Midland*, No. 20-CV-00120, 2021 WL 2953686 (W.D. Tex. May 20, 2021). For reasons explored below, the Court **RECOMMENDS** the State's Motion to Dismiss be **GRANTED**, and the Andersons' Complaint be **DISMISSED**. (Doc. 18).

### I. Lack of Subject Matter Jurisdiction

The State of Texas's Rule 12(b)(1) motion is twofold. First, the State contends the Andersons lack standing, and second, assuming the Andersons clear the standing hurdle, sovereign immunity bars their claims. *Id.* at 4–9. Taking the arguments in turn, both standing and sovereign immunity derail the Andersons' Complaint.

Article III standing is required before a federal district court can exercise subject matter jurisdiction. *Arbraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022). "A plaintiff must prove (1) injury in fact, (2) traceability, and (3) redressability to establish Article III standing." *White v. Texas*, No. 23-11190, 2024 WL 1826245, at *2 (5th Cir. Apr. 26, 2024) (citing *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003)). When, as here, standing is

5

challenged based on the pleadings, the Court must accept as true all material allegations in the complaint and construe it in favor of the complaining party. *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (quoting *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988)). Because the Andersons do not allege an injury traceable to the State of Texas, they lack standing to bring their claims.

The State of Texas argues the Andersons fail to attribute any conduct to the State resulting in harm. (Doc. 18 at 6). Standing's traceability requirement demands a causal connection between the plaintiff's injury and the defendant's challenged conduct. *Inclusive Cmtys. Project, Inc. v. Dep't of Treas.*, 946 F.3d 649, 655 (5th Cir. 2019). In other words, the Andersons' injuries cannot be "the result of the independent action of some third party not before the court." *Id.* (citing *Bennett v. Spear*, 520 U.S. 154, 169 (1997)). And, here, the Maverick Defendants committed all alleged harm. (Doc. 1). The Andersons only allege inaction as to the State. With no action attributable to the State and the Maverick Defendants dismissed from the action, the Andersons' injuries are the result of independent third parties not before the Court. (Docs. 29, 31). The Andersons thus do not clear the standing hurdle.

The Andersons touch the sovereign immunity hurdle too. The Eleventh Amendment bars the Andersons' claims against the State of Texas. *Cozzo v. Tangipahoa Par.*, 279 F.3d 273, 280–81 (5th Cir. 2002). States are entitled to sovereign immunity under the Eleventh Amendment unless the state expressly consents to suit, Congress unmistakably abrogates the state's immunity, or the plaintiff seeks prospective relief against state officials sued in their official capacities. *NiGen Biotech, LLC v. Paxton*,

6

804 F.3d 389, 393 (5th Cir. 2015) ("Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014))); *Ex Parte Young*, 209 U.S. 123 (1908). No exception applies here: The State has not waived sovereign immunity; the Andersons do not bring claims for which Congress has abrogated the State's sovereign immunity; and the Andersons do not sue any state official in his or her official capacity. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding § 1983 does not abrogate sovereign immunity); *Duncan v. Univ. of Tex. Health Sci. Ctr. at Hous.*, 469 F. App'x 364, 367 (5th Cir. 2012) (holding sovereign immunity bars state contract and tort claims); *see also McZeal v. Louisiana*, No. 19-517, 2020 WL 7344611, *2 (M.D. La. Oct. 27, 2020) (finding sovereign immunity bars claims under the Fair Debt Collections Practices Act), *R. & R. adopted*, 2020 WL 7344703 (M.D. La. Dec. 14, 2020). So to any extent the Andersons have standing to bring claims against the State of Texas, those claims run headfirst into sovereign immunity.

## II.    Failure to State a Claim

Assuming the Andersons could overcome the hurdles above, they cannot overcome the failure to plead a plausible claim to relief against the State of Texas. The Complaint brings claims under 42 U.S.C. § 1983, 18 U.S.C. § 242,[1] the Fourth and

---

1. The Andersons cannot bring a claim under 18 U.S.C. § 242 against any Defendant because it is a criminal statute that does not confer a private right of action. *Martin v. City of Las Vegas, City Hall*, No. 24-CV-00647, 2025 WL 1379416, at *1 (W.D. Tex. May 9, 2025); *see Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) ("[F]ederal criminal statutes do not provide private causes of action.").

Fourteenth Amendments, the Fair Debt Collection Practices Act, state and federal consumer protection laws, and Texas law for fraud and breach of contract.[2] None of these claims however are directed at the State of Texas. Instead, the Andersons collectively accuse "Defendants" or the Maverick Defendants of violating their rights.

The Andersons claims against the State of Texas should be dismissed because the Complaint does not distinguish between the State's actions and those of the Maverick Defendants. *See Tap Pilam Coahuiltecan Nation v. Alamo Tr., Inc.*, No. 19-CV-01084, 2019 WL 10945421, at *5 (W.D. Tex. Dec. 23, 2019) (citations omitted). Nowhere in the factual allegations nor the claims for relief do the Andersons mention the State of Texas. Rather, the Andersons lump the State within the term "Defendants," which "is insufficient to state a claim against any of them."[3] *See Tap Pilam Cahuiltecan Nation*, 2019 WL 10945421, at *5 (quoting *Brown v. ASC Mortg./U.S. Bank Nat'l Ass'n ex rel. Structured Asset Inv. Loan Tr.*, No. 15-CV-547, 2015 WL 5559441, at *2 (N.D. Tex. Sept. 18, 2015)). Because the Andersons collectively lump the State of Texas within the term "Defendants," and fail to plead a single action attributable to the State, the State's involvement in the Andersons' foreclosure proceeding "remains a mystery." (Doc. 18 at 11). As a result, the Andersons' allegations—or lack thereof—regarding the State of Texas are too deficient to state a claim against the State. *See Jackson v. Ocwen*

---

2. There are potentially more claims. The Complaint's fact section lists a host of statutory violations, but not all these violations appear in the claims for relief section. (Doc. 1 at 6–14).

3. With this, the Court does not reach the Maverick Defendants' now moot Motion to Dismiss or the sufficiency of the Andersons' pleadings against the Maverick Defendants.

*Loan Servicing, LLC*, No. 17-CV-2387, 2018 WL 1001859, at *5 (N.D. Tex. Jan. 8, 2018), *R. & R. adopted*, 2018 WL 949226 (N.D. Tex. Feb. 16, 2018).

In fact, the only time the Andersons specifically mention[4] the State of Texas is when naming the State as a party to the action. The entirety of which is provided below:

> Defendant, State of Texas, is a governmental entity located at the Office of the Attorney General 300 W. 15th Street, Austin, TX 78701 that has been involved in or failed to prevent actions that violate Plaintiffs' constitutional rights, particularly in relation to the enforcement of the non-judicial foreclosure under Texas state law. Plaintiffs allege that the State of Texas has failed to intervene to protect the rights of citizens like Plaintiffs from the actions of private parties in the foreclosure process.

(Doc. 1 at 4). From these two sentences, the Court gathers the Andersons take issue with the State's failure to intervene or prevent the Maverick Defendants' alleged actions. In other words, as touched on above, the Andersons plead only inaction as to the State. Yet the Fifth Circuit has held that "no significant action is involved in nonjudicial foreclosures under a deed of trust." *Moore v. Collins*, No. 14-CV-5553646, 2014 WL 5553646, at *7–8 (N.D. Tex. Oct. 31, 2014) (quoting *Barrera v. Sec. Bldg. & Inv. Corp.*, 519 F.2d 1166, 1170 (5th Cir. 1975)). The Andersons neither plead nor does the Court understand what action the Andersons wanted the State to take. And to the extent the Andersons seek the creation of policy requiring the State of Texas to intervene to prevent a situation like that alleged, such a task is best left for the legislature, not the Court.

---

4. The Andersons mention the State of Texas when requesting a Temporary Restraining Order. (Doc. 1 at 15). The Court denied the TRO (Docs. 9, 17).

9

Finally, assuming the Andersons' allegations are true, the Court cannot attribute the actions of the Maverick Defendants to the State of Texas. Private party actions may only be attributed to the state if two conditions are met: "First, the deprivation must be caused by the exercise of some right or privilege created by the State or a rule of conduct imposed by the State on the person for whom the State is responsible. Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Moore*, 2014 WL 5553646, at *8 (citing *Davis Oil Co. v. Mills*, 873 F.2d 774, 779 (5th Cir. 1989)). The Andersons cannot satisfy the conditions.

According to the Andersons, it was Maverick Bank's theft and embezzlement of their funds that led to the mortgage default, triggering the non-judicial foreclosure. (Doc. 1 at 4–9). The Andersons do not attribute Maverick Bank's improper business practices—or the actions of any Maverick Defendant—to the State nor do the Andersons allege the State participated in the improper practices. The mere invocation of state procedures by the Maverick Defendants is not sufficient to establish state action—"a contrary holding would 'transform every foreclosure action between private parties into state action of constitutional dimension.'" *Davis Oil Co.*, 873 F.3d at 780 (quoting *Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir. 1982)). The Andersons, thus, fail to state a claim against the State of Texas.

## Conclusion

In sum, the Andersons failed to respond to the State of Texas's Motion to Dismiss, and therefore the Court may grant the Motion as unopposed. Looking to the merits, the Andersons fail to attribute any conduct to the State of Texas, and the

Eleventh Amendment bars their claims against the State. For these reasons, the Court **RECOMMENDS** the State of Texas's Motion to Dismiss be **GRANTED**. (Doc. 18).

SIGNED this 5th day of August, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation <u>**by certified mail, return receipt requested**</u>. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).